UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Melvin Graham

    v.                                  Civil No. 17-cv-154-JL

State of New Hampshire,
N.H. Supreme Court, Steven Keable,
Joseph Malfitani, and Barbara Bradshaw

**REPORT AND RECOMMENDATION**

Before the court is Melvin Graham's complaint (Doc. No. 1), and factual allegations in Graham's discovery motion (Doc. No. 3), which has been construed as an addendum to the complaint.[1] The matter is before the court for preliminary review under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and LR 4.3(d)(1).

**Preliminary Review Standard**

The magistrate judge in this court conducts a preliminary review of prisoner complaints filed in forma pauperis. See LR 4.3(d)(1). The magistrate judge may recommend to the district judge that claims be dismissed if, among other things, the court

---

[1] The court's Order issued this date has denied, without prejudice, Graham's discovery motion (Doc. No. 3), to the extent he seeks a court-ordered physical examination under Fed. R. Civ. P. 35 (Doc. No. 3). The denial of the motion is without prejudice to Graham's ability to refile a similar motion if the case is allowed to proceed after the completion of the preliminary review of Graham's pleadings.

lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

Since his conviction in 1996 on multiple counts of felonious and aggravated felonious sexual assault, Graham has filed a number of state and federal cases challenging that conviction.  The court in Graham v. Warden, No. 12-CV-271-JD (D.N.H.), summarized the proceedings that had occurred prior to December 2012:

> Graham was convicted in 1996 on three counts of aggravated felonious sexual assault and one count of felonious sexual assault on his niece, who was eight years old at the time of the assaults.  State v. Graham, 142 N.H. 357, 359 (1997).  On appeal, the New Hampshire Supreme Court ["NHSC"] rejected Graham's claims that the evidence was insufficient to convict and that the trial court improperly excluded a defense witness's testimony, but remanded the case for the trial court to determine whether Graham's motion for in camera review of privileged records should have been granted, and if so, whether the records contained evidence that would require a new trial.  [See Graham, 142 N.H. at 363.]  The trial court concluded that the

2

>   privileged records did not require a new trial, and the
>   [NHSC] affirmed that decision on October 23, 1998.
>
>   Graham moved for a new trial based on claims of ineffective
>   assistance of trial counsel, which was denied.  He then
>   filed multiple petitions for a writ of habeas corpus in
>   state court, which were denied.  His appeals to the [NHSC]
>   were unsuccessful.
>
>   On January 8, 2001, Graham filed a petition for a writ of
>   habeas corpus in [the District of New Hampshire], which was
>   dismissed because he had not shown that he had exhausted
>   state remedies.  [See Graham v. Coplan, No. 01-cv-010-SM
>   (D.N.H. Aug. 22, 2001) (ECF No. 11).]  After initiating
>   other state court actions without success, Graham filed a
>   second habeas corpus action in [the District of New
>   Hampshire] on April 7, 2004, asserting ineffective
>   assistance of counsel.  The case was dismissed as barred by
>   the statute of limitations.  [See Graham v. Warden, N.N.H.
>   Corr. Facility, No. 04-cv-126-JD (D.N.H. Sept. 30, 2004)
>   (ECF No. 12).]

Graham v. Warden, N.H. State Prison, No. 12-CV-271-JD, 2012 WL 6115700, at *2, 2012 U.S. Dist. LEXIS 174486, at *1-*2 (D.N.H. Dec. 10, 2012).  Graham's third petition for federal habeas relief was dismissed in December 2012.  See id. (dismissing as untimely Graham's petition for federal habeas relief).

In 2008 Graham filed an action raising claims that are essentially the same as those here that name the NHSC as a defendant.  In that action and in this case, Graham has claimed that his convictions were invalid, and that the NHSC, by failing to reverse based on errors and abuses in his case, had deprived him of due process.  Approving a Report and Recommendation ("R&R") and applying the Rooker-Feldman doctrine, the court in that prior case dismissed the action against the NHSC and the

3

NHSC justices for lack of subject matter jurisdiction.  See Graham v. N.H. Supreme Ct., No. 08-cv-315-PB, 2009 U.S. Dist. LEXIS 14908, 2009 WL 485141, at *1 (D.N.H. Feb. 24, 2009), approving R&R, No. 08-cv-315-PB, 2009 WL 485141, at *2 (D.N.H. Jan. 30, 2009) (citing, inter alia, D.C. Ct. App. v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923)).

In the case presently before this court, Graham again names the NHSC as a defendant, along with the State of New Hampshire and attorneys from the N.H. Public Defender's Office ("NHPD") who represented him at trial and/or on appeal.  He cites 42 U.S.C. § 1983 and § 1985, in contending that his convictions are invalid, and that they resulted from a conspiracy between the NHPD, the prosecutor in his criminal case, and the state courts involved in his trial, appellate, and post-conviction proceedings.  He further claims that the NHPD engaged in legal malpractice, and that the state courts tortiously interfered with his contractual relationship with the NHPD.  He claims that the NHSC has a duty under state law, N.H. Rev. Stat. Ann. ("RSA") § 490:4, to correct errors and abuses in lower state court proceedings, and that the NHSC violated his rights by declining to accept appeals in Graham's post-conviction proceedings.  Graham argues that he presented an innocence claim in the state courts, which, in his view, went "unaddressed," as

the Superior Court denied, without a hearing, the post-conviction motion raising that claim, and the NHSC declined to review the petition and pertinent appeal he filed in that court. Additionally, Graham claims that the state courts violated his rights under the Americans with Disabilities Act ("ADA"), by failing to accommodate his disability in an evidentiary hearing on his motion for a new trial.

## Discussion

### I.   Rooker-Feldman and Collateral Estoppel

Plaintiff's claims challenge as error the result in his criminal case and in post-conviction proceedings.  In particular, he challenges the decision of the NHSC to decline to accept appeals of Superior Court orders, or petitions for original jurisdiction, relating to his criminal case and post-conviction proceedings.

Graham filed essentially the same claims in a prior action against the NHSC and the NHSC justices.  The court in that case dismissed those claims based on the Rooker-Feldman doctrine.  In doing so, the district judge approved an R&R, which stated as follows:

> [Despite] having couched his claim as a due process violation actionable under 42 U.S.C. § 1983, Graham asks this Court to overrule the NHSC by finding that [the NHSC] egregiously refused or failed to correct what plaintiff[] perceive[s] to have been errors made during his trial and

5

> appeal. In order to grant the plaintiff the relief he seeks, this Court would have to determine that the NHSC incorrectly decided a matter before it and thereby pass judgment on the NHSC's rulings and decisions as though this Court were an appropriate appellate venue for cases lost in the NHSC, which it is not.

Graham v. NH Supreme Court, No. 08-CV-315-PB, 2009 WL 485141, at *2 (D.N.H. Jan. 30, 2009), R&R approved, No. 08-CV-315-PB, 2009 U.S. Dist. LEXIS 14908, at *1, 2009 WL 485141, at *1 (D.N.H. Feb. 24, 2009). That discussion applies with equal force to this case, and is consistent with the Supreme Court's recent pronouncements on the scope of the Rooker-Feldman doctrine. See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (doctrine precludes district court jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Graham is collaterally estopped from relitigating the applicability of the Rooker-Feldman doctrine to essentially the same claims here. See generally Latin Am. Music Co. v. Media Power Grp., 705 F.3d 34, 42 (1st Cir. 2013) (citation omitted). Accordingly, for reasons stated by the court in Graham's prior action against the NHSC and its justices, Graham's claims against the NHSC should be dismissed under the Rooker-Feldman doctrine.

6

## II. Heck

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Id. at 486-87 (footnote omitted). The Heck rule requires courts to dismiss § 1983 claims if a favorable judgment would necessarily imply the invalidity of that prisoner's conviction or sentence. Id. at 487. Heck bars plaintiff's claims seeking to challenge the validity of his conviction based on trial and appellate errors and alleged ineffective assistance of counsel, as plaintiff's convictions have not been invalidated or called into question by any official process. Accordingly, plaintiff's claims should also be dismissed on that ground.

## III. Eleventh Amendment

Plaintiff names the State and the NHSC as defendants. "A state's immunity [from suit in federal court] under the Eleventh Amendment applies whether a private plaintiff's suit is for monetary damages or some other type of relief." New Hampshire v. Ramsey, 366 F.3d 1, 14 (1st Cir. 2004); see also Davidson v.

7

Howe, 749 F.3d 21, 27-28 (1st Cir. 2014); Coggeshall v. Mass. Bd. of Reg. of Psychologists, 604 F.3d 658, 662 (1st Cir. 2010). The claims against the State and its agency, the NHSC, should be dismissed as barred by the Eleventh Amendment.

**IV. Absolute Immunity**

Plaintiff names a prosecutor Attorney Keable as a defendant, in claims challenging decisions relating to Graham's prosecution. Prosecutors are entitled to absolute immunity from claims arising out of their "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). The claims against the prosecutor generally relate to Attorney Keable's decisions made in connection with judicial phase of Graham's prosecution. Absolute immunity applies, and such claims should be dismissed.

**V. Non-State Actors**

In general, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). A public defender can be held to have engaged in state action for purposes of § 1983 only under limited circumstances, none of which are present here. See Georgia v. McCollum, 505 U.S. 42, 54 (1992) (describing

8

circumstances under which public defender could be deemed to be state actor for purposes of § 1983). Plaintiff's allegations regarding a conspiracy between the NHPD, the state courts, and the prosecutor are speculative and conclusory. Stripped of legal conclusions, the complaint fails to plead facts suggesting that the NHPD conspired with state officials. Accordingly, the claims against the NHPD defendants should be dismissed.

### VI. Section 1985

Plaintiff cites 42 U.S.C. § 1985 as providing a federal cause of action for his claims. To proceed on those claims, however, plaintiff must allege facts showing a racial or class-based discriminatory animus. See Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008); Bragg v. Madison, 20 F. App'x 278, 285 (6th Cir. 2001); see also Kush v. Rutledge, 460 U.S. 719, 726 (1983); Diva's Inc. v. City of Bangor, 411 F.3d 30, 38 (1st Cir. 2005). Plaintiff has alleged no facts in that regard, and thus, the § 1985 claims should be dismissed.

### VII. ADA

Plaintiff's claims under the ADA relate to events that occurred in his criminal trial and in post-conviction proceedings more than four years ago, specifically, the alleged failure of the state courts to accommodate his hearing disability during a hearing on a motion for a new trial. If the claim were deemed not to be barred under Heck, it would be time-

barred.  The applicable limitations period for such an ADA claim is three years.  See Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 118 (1st Cir. 2003) (federal claims under ADA and § 1983 "all borrow the most analogous statute of limitations" from state law, "provided that it does not conflict with federal law or policy").  Accordingly, plaintiff's ADA claim is untimely and should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss all claims in this action, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 12, 2017

cc: Melvin Graham, pro se